HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A STANFIELD,

        Plaintiff,

v.

PIERCE COUNTY SHERIFFS DEPARTMENT,

        Defendant.

CASE NO. C18-5174RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP

THIS MATTER is before the Court on Plaintiff Stanfield's Motion for Leave to Proceed in forma pauperis, supported by his proposed complaint [Dkt. #1]. Stanfield claims that he was assaulted at Jackson's Food Store in Tacoma, someone called the police, and the Sherriff's Department personnel who responded "tried to kill" him and "destroyed his car." He claims he was maliciously prosecuted, that evidence was hidden and that he was imprisoned under false pretenses. He claims he lost his business, suffered a brain injury, lost two fingers, and suffered monetary damages.

He sues the Department, one of its officers (Bates), the State, the store, and two of its employees (Clark and Laird) under §1983. He does not describe any facts supporting his conclusory claims.

1   A district court may permit indigent litigants to proceed *in forma pauperis* upon
2   completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad
3   discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
4   actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.
5   1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in
6   forma pauperis* at the outset if it appears from the face of the proposed complaint that the action
7   is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
8   1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint
9   is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778
10  F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

11  A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it
12  must nevertheless contain factual assertions sufficient to support a facially plausible claim for
13  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell
14  Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A
15  claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
16  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
17  *Iqbal*, 556 U.S. at 678.

18  Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint
19  in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995
20  (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo
21  review, that the complaint could not be saved by any amendment.")

22  Stanfield's proposed complaint does not meet this standard. He has not alleged a factual
23  story that would plausibly support the conclusions he asserts. His motion for leave to proceed in
24

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IFP - 2

forma pauperis is DENIED. He must pay the filing fee or file a proposed amended complaint within 21 days of this Order. Any amended complaint should include the names of the defendant(s), identify what each one did to him, when, where, and why, and describe how it was a violation of his constitutional rights. He cannot obtain *in forma pauperis* status by stating only the conclusion that someone "tried to kill him;" he must instead tell a plausible factual story that supports the conclusion that his rights were violated.

IT IS SO ORDERED.

Dated this 16th day of March, 2018.

Ronald B. Leighton
United States District Judge