HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A. STANFIELD,

    Plaintiff,

v.

PIERCE COUNTY SHERIFFS DEPARTMENT, STATE OF WASHINGTON, JACKSON FOOD STORES, INC,

    Defendant.

CASE NO. C18-5174 RBL

ORDER

THIS MATTER is before the Court on Defendant State of Washington's Motion for Summary Judgment [Dkt. 27], Plaintiff's Kevin Stanfield's Cross-Motion for Summary Judgment against the State [Dkt. 31], Stanfield's Motion for Summary Judgment against Defendant Jackson Food Store [Dkt. 38], and Jackson's Motion to Dismiss [Dkt. 44].

Stanfield claims that he witnessed a Jackson employee discriminate against a homeless person in a Jackson convenience store. He began helping the person out of the store and someone hit him from behind and tried to take his wallet. Stanfield took out his "baton" to defend himself. A Jackson employee called the police and accused Stanfield of assaulting another Jackson employee, Deanna Clark. For reasons that are not entirely clear, Stanfield left and the police

ORDER - 1

pursued him. While on the highway, the Tacoma Police performed a "PIT" maneuver to stop him. The PIT maneuver caused Stanfield to lose control and crash. Stanfield was arrested and charged with assault and attempting to elude a police vehicle. A jury found Stanfield was not guilty of assault, but guilty of attempting to elude a police officer, a felony. Based on this conviction, the Washington State Department of Licensing revoked his driver's license for a year, a result it claims was required by Washington law (RCW 46.61.024(3)).

Stanfield sued Washington and Jackson for damages and injunctive relief. The sole basis for his claims is 42 U.S.C. § 1983. Stanfield claims that Jackson "maliciously prosecuted" him when its employee falsely accused him of assault. He claims that the State violated his procedural due process rights when the Department of Licensing suspended his license "without a court order." Stanfield purports to challenge the constitutionality of Washington's "Attempting to Elude Police Vehicle" statute, RCW 46.61.024, though it is not clear that he made that argument in his criminal trial.[1]

Jackson moves for dismissal under Fed. R. Civ. P. 12(b)(6). It argues that it is not a state actor as a matter of law. It argues that Stanfield has the burden of pleading that it is a state actor and he has failed to overcome the presumption that private actors do not engage in state action.

The State seeks summary judgment, it argues that the state and its subdivisions are not "persons" under § 1983. It also argues that Stanfield has failed to identify any person that allegedly violated his constitutional rights. Stanfield's Response fails to address the State's arguments.

---

[1] Stanfield apparently appealed his conviction but it has not been overturned.

# I. LEGAL STANDARD

## A. <u>Motion to Dismiss standard.</u>

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

B. **Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

## II. ANALYSIS

[A] plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-

part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a governmental actor." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

### A. <u>Jackson is not a State Actor</u>

Stanfield claims that Jackson[2] is a state actor because one of its employees falsely accused him of assault. As a private actor, Jackson cannot fairly be said to be a governmental actor unless it "conspired or acted jointly with state actors" to deprive Stanfield of his constitutional rights. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783-84 (9th Cir. 2001) (§1983 false arrest claim against private company dismissed in absence of evidence that company conspired with the prosecutor to violate plaintiff's Fourth Amendment rights).

Stanfield cites no case—and the Court is confident there is not one—holding that a private citizen reporting a crime to the police becomes a state actor. Rather, Stanfield cites a case from the Eastern District of Pennsylvania that states "[m]erely calling the police" or "furnishing information to the police. . . does not rise to the level of joint action necessary to transform a private entity into a state actor." *Collins v. Christie,* No. CIV.A.06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007). A private citizen calling 911, without more, is not a state actor for purposes of §1983.

Jackson's Motion to Dismiss is GRANTED and Stanfield's claims against it are DISMISSED WITH PREJUDICE and without leave to amend.

---

[2] Stanfield also names Deanna Clark and Heather Laird. Presumably, these are the Jackson employees involved in the incident. He does no more to state a plausible § 1983 against these private actors than he does against Jackson itself.

B. **The State and the Department are not "Persons" Under §1983**

The State claims it is immune from suit because it and its agencies are not persons under §1983. Generally, under § 1983, a person can be sued for constitutional violations committed under the color of state law; however, a state and its agencies are not a person under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a State nor its agencies are "persons" under § 1983)). *See also Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 539 U.S. 765, 779 (2000)).

Stanfield does not address this argument or this clear authority. He has not met his summary judgment burden of providing evidence or argument supporting his claim that he can sue the State or its agency (the Department of Licensing) under § 1983 for violating his due process rights by revoking his driver's license in response to his felony eluding conviction. He cannot; they are not "persons" under that statute. The State's Motion for Summary Judgment is GRANTED and Stanfield's claims against it are DISMISSED with prejudice and without leave to amend.

C. **The Felony Eluding Statute is not Vague.**

Stanfield argues that Washington's attempting to elude police vehicle statute RCW 46.61.024 is unconstitutionally vague. He argues that the words "any driver of a motor vehicle who willfully fails or refuses to immediately" relies on a "timeframe that is unknown."

It is not clear that Stanfield raised this argument as a defense in his state trial, or that he has properly raised it. Nevertheless, the Court will address it.

"In evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered." *Kolender v.*

*Lawson*, 461 U.S. 352, 355 (1983) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494 (1982)). The Washington Supreme Court has "previously held that in order to be guilty of attempting to elude, "[a] suspect must (1) willfully fail (2) to immediately bring his vehicle to a stop, (3) and drive in a manner indicating a wanton and willful disregard for the lives or property of others (4) while attempting to elude police after being signaled to stop by a uniformed officer." *State v. Tandecki,* 153 Wash. 2d 842, 848, 109 P.3d 398, 400 (2005). In *State v. Mather,* the Washington Court of appeals held that the attempting to elude statute is constitutional. *State v. Mather*, 28 Wash. App. 700, 701, 626 P.2d 44, 45 (1981) (defendant argued that the attempting to elude police vehicle statute was vague and overbroad).

A statute is void-for-vagueness when it fails to define a criminal offense with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983).

In light of the interpretation set out by the Washington Courts, Stanfield has not established that RCW 46.61.024 is unconstitutional, either facially or as applied to him.

Stanfield's own Motions for Summary Judgment [Dkt. #s 31 and 38] are DENIED as moot.

IT IS SO ORDERED.

Dated this 16th day of November, 2018.

Ronald B. Leighton
United States District Judge